## Wytheville.

HUGHES' ADM'R v. PATTERSON'S EX'OR.

JULY 11, 1895.

1. SATISFACTION — *Collateral Agreement Partly Performed — Compensation.*
Where a debtor has agreed to do a collateral thing in satisfaction of his
bond to his creditor, and dies after having partially performed the
agreement, the bond should not be treated as paid, but the debtor should
have credit thereon for the money paid, or the value of the services
rendered in pursuance of the agreement.

Appeal from a decree of the Circuit Court of Washington
county, pronounced October 13, 1893, in the chancery suit
of *Byars and another* v. *Patterson's Ex'ors.*

*Reversed.*

The opinion states the case.

*Daniel Trigg* and *A. L. Robinson,* for the appellant.

*Selden Longley,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court for
Washington county, rendered in a suit brought by creditors
of S. C. Patterson, deceased, for the settlement of his estate,
and to enforce the payment of its debts.

A commissioner was appointed to take an account of the assets of the said estate, its liabilities, and their priorities. Among the debts which were asserted before the commissioner taking the account was a bond for $817.12, executed by the decedent, Patterson, to his daughter Harriet Palmer, for the balance due from him as her guardian. The bond·was dated the 20th of October, 1874, and was subject to two credits endorsed upon it, one as of June 6, 1876, for $150, the other for $50 as of October 8, 1878. It appears that Mrs. Palmer had been divorced from her husband, Thomas Palmer, prior to the execution of the bond, and had been living with her father since her divorce, up to the time of her death, which occurred in December, 1879. Immediately prior to her death she requested her father to take her two children and keep them for what he owed her. This he agreed to do. Pursuant to this request of his daughter, the father kept her children at his home, and clothed and fed them, up to the time of his death, which occurred in June, 1891. The bond in question was found after the father's death, in a drawer which he kept locked, and which contained his private papers.

It was taken from the drawer by a grandson of the decedent, who afterwards became the husband of the daughter of Mrs. Palmer, and without the knowledge of the decedent's widow, who was one of the personal representatives and had possession of his papers. The bond was laid before the commissioner by the administrator of Mrs. Harriet Palmer, deceased. The commissioner was of opinion that the bond was not a valid debt against the decedent's estate, and reported against it. His report was excepted to upon this point, but the court overruled the exception and confirmed his report, and from that decree this appeal was taken by the administrator of Harriet Palmer deceased.

The Circuit Court based its decree upon the ground that

there was an express agreement between the decedent and his daughter that he, in consideration of his indebtedness to her, would keep and raise her infant children, and that he had fully executed this engagement as to the grand-daughter, and that his estate was still discharging the duty towards the grandson, who was, at the time of the decedent's death, twelve years of age.

The evidence in the cause does not show with such definiteness and certainty what the agreement between the decedent and his daughter was as would enable a court, if it were otherwise a proper case for specific performance, to specifically execute it. Nor does the evidence show that the decedent performed the duties imposed by it upon him, giving it the most liberal construction in his favor.

Although the agreement is not so proved, yet there is no doubt that there was an agreement between the parties which induced the decedent to take and keep his grand-children at his house, and to feed and clothe them, and to take possession of his daughter's property as his own. Under the facts of the case, the services rendered by the decedent for his daughter's children could not be considered as having been rendered voluntarily, or because of the relationship which existed between the parties. It would be unjust, we think, to the grandchildren to deprive them of the whole of their mother's estate by reason of the agreement referred to and the acts done under it; and it would be equally unjust to refuse compensation to the decedent's estate for the services rendered and money expended by him upon the faith of such agreement.

In *King* v. *Thompson*, 9 Peters, 204, the agreement between the parties was so uncertain that it could not be specifically enforced, but the evidence in the cause showed that the purchaser of the property under the indefinite agreement took possession of the property under such agreement, acted

under it, and expended a large sum of money upon the property on the faith of the contract. In that case, although the contract could not be enforced, the Supreme Court was of opinion, and so decreed, that the party expending the money upon the property upon the faith of the contract was entitled to have the property sold, and the money he had expended upon it repaid to him out of the proceeds of its sale.

This seems to be a proper case for the application of the same principle, in order to do justice between the parties. We think the decedent's estate is entitled to reasonable compensation for the services rendered and money expended by him for his grandchildren after the death of their mother, and up to the time of his death, and that the bond, or money due from him, which is evidenced by the bond, should be charged with its payment, and that the balance thereof, if any, should be paid according to its priority out of the decedent's estate.

Instead, therefore, of confirming the commissioner's report, rejecting appellant's debt, the Circuit Court ought to have recommitted the report upon that point, with direction to its commissioner to give notice to the parties, and ascertain what would be a reasonable compensation to the decedent's estate for the services rendered and money expended by him in keeping and caring for his daughter's children from the time of her death until his death, taking into consideration the value of their services to him during that period, to credit that sum upon the bond in question, and report the balance thereof, if any, as a debt against the decedent's estate according to its priority.

The decree complained of must be reversed, and the cause remanded to the Circuit Court to be proceeded in there according to law, and in conformity with the opinion of this court.

REVERSED.